J-S59029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
        v.   :
  :
  :
RICKEY  WASHINGTON   :
  :
      Appellant   :   No. 128 EDA 2017

Appeal from the Judgment of Sentence November 28, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0000335-2008,
CP-15-CR-0003534-2008

BEFORE:   BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                  **FILED NOVEMBER 03, 2017**

Rickey Washington appeals from the judgment of sentence entered November 28, 2016, in the Court of Common Pleas of Chester County, imposed following revocation of probation.  The trial court imposed an aggregate revocation sentence of six to 23 months' imprisonment, and at the same time imposed a nine and one-half to 20 year aggregate sentence on new

_____

[*] Former Justice specially assigned to the Superior Court.

convictions. [1, 2]  Concomitant with this appeal, counsel has filed an **Anders**[3] brief and petition for leave to withdraw from representation.  Based upon the following, we affirm on the basis of the trial court's sound opinion, and grant the petition to withdraw.

The factual and procedural history of this case is set forth in the trial court's Pa.R.A.P. 1925(a) opinion, and there is no need to repeat it here.  **See** Trial Court Opinion, 4/6/2017, at 1–12.

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).  Our review of the record reveals counsel has complied with the requirements for withdrawal outlined in

---

[1] Only the revocation sentence is at issue in this appeal.  The trial court imposed a sentence of six to 23 months' imprisonment at Docket No. 335-2008 and a concurrent term of six to 23 months' imprisonment at Docket No. 3534-2008, granted credit for time served, and immediately re-paroled Washington so that he could begin serving the sentence imposed on the new convictions.

[2] On September 13, 2016, at Docket No. 1193-2016, Washington entered an open plea to, *inter alia*, fleeing or attempting to elude a police officer.  75 Pa.C.S. § 3733(a), graded as a felony of the third degree.  On September 15, 2016, at Docket No. 871-2016, Washington was found guilty by a jury of burglary, 18 Pa.C.S. § 3502(a)(1), criminal trespass, 18 Pa.C.S. § 3503(a)(1)(ii), aggravated assault, 18 Pa.C.S. § 2702(a)(4), and related offenses.  **See** Trial Court Opinion, 4/6/2017, at 5–7.

[3] **Anders v. California**, 386 U.S. 738 (1967).  **See also Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

*Anders, supra*, and its progeny. Notably, counsel completed the following: (1) she filed a petition for leave to withdraw, in which she states she has made a conscientious review of the record and concludes the appeal is wholly frivolous; (2) she filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); (3) she furnished a copy of the **Anders** brief to Washington; and (4) she advised Washington of his right to retain new counsel or proceed *pro se*. **See Cartrette, supra** at 1032 (discussing procedural requirements counsel must satisfy in requesting to withdraw from representation and substantive requirements of **Anders** brief). Moreover, we have received no correspondence from Washington supplementing the **Anders** brief.[4]

Therefore, we proceed "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quotations and citation omitted). In so doing, we review not only the issues identified by counsel in the **Anders** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked

---

[4] This Court, upon consideration of Washington's June 15, 2017 application for relief, entered an order permitting Washington to file a response to counsel's petition to withdraw and **Anders** brief, either *pro se* or via privately retained counsel, within 30 days of the date the order is filed. **See** Order, 7/10/2017. No response was received by this Court.

- 3 -

the existence of potentially non-frivolous issues." *Id.* at 1249 (footnote omitted).

The sole issue identified in the *Anders* brief is a challenge to the discretionary aspects of the revocation sentence. *See Anders* Brief at 5.

A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." *Commonwealth v. Simmons*, 56 A.3d 1280, 1286 (Pa. Super. 2012) (quotation and citation omitted). To reach the merits of a discretionary issue, this Court must determine:

> whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–330 (Pa. Super. 2013) (citation omitted).

Counsel complied with the procedural requirements for this appeal by filing both a timely post-sentence motion for reconsideration of sentence and a timely notice of appeal. Counsel also included in the *Anders* brief a concise statement of reasons relied upon for appeal with respect to the discretionary aspects of the sentence, pursuant to *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must consider whether Washington raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa. Super. 2016) (citation omitted).

Here, the Rule 2119(f) statement in the **Anders** brief declares, in pertinent part:

> Although the revocation sentences [on Docket Nos. 335-2008 and 3534-2008] were imposed prior to an aggregate sentence of nine and a half (9½) to twenty (20) years on docket numbers CP-15-CR-871-2016 and CP-15-CR-1193-2016, counsel is constrained to conclude the sentences were within the wide discretion of the sentencing court and, therefore, not improper.

**Anders** Brief at 4. Notwithstanding the inadequacy of this statement, we will address the merits of the discretionary aspects of sentence claim. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that where counsel files an **Anders** brief and petition to withdraw, this Court will review the discretionary aspects of the sentence even though the claim is not properly preserved).

Based on our review of the **Anders** brief, the record, the applicable law, and the opinion of the trial court, we affirm on the basis of the thorough discussion of the Honorable Anthony A. Sarcione. **See** Trial Court Opinion, 4/6/2017, at 12–45 (finding, *inter alia*: (1) Washington's discretionary

aspects of sentencing claim[5] fails to demonstrate an abuse of discretion where the revocation sentence is an aggregate concurrent sentence, within the standard and mitigated range of the applicable sentencing guidelines,[6] and Washington received credit for time served and was immediately paroled on both dockets; (2) the trial court considered Washington's lengthy prior record and fact these were Washington's fourth probation violation (Docket No. 3534-2008) and fifth probation violation (Docket No. 335-2008), these probation violations stemmed from grave and violent new convictions, Washington's prior record is lengthy and disturbing, and Washington has anger and mental health issues, suffers from chronic substance abuse, and avoids responsibility for his actions as evidenced by his new conviction for fleeing or attempting to elude police officer and his prior status as a fugitive; and (3) the trial court structured Washington's sentence "so that Washington would be deemed to have served his revocation sentence first in order to begin serving his State sentence on the new convictions without a detainer on him, so that he would be immediately eligible to participate in the rehabilitative programs that are

---

[5] In the trial court, counsel filed a concise statement pursuant to Pa.R.A.P 1925(b), contending that the court failed to give appropriate weight to mitigating factors. **See** Concise Statement, 2/22/2017.

[6] We recognize that the sentencing guidelines do not apply to a revocation sentence. **See** 204 Pa. Code § 303.1(b); **Commonwealth v. Pasture**, 107 A.3d 21, 27 (Pa. 2014).

available to him at the State Prison in order to address his personal issues…."[7]). We discern no abuse of discretion on the part of the trial court.[8]

Finally, our independent review discloses no other non-frivolous claim that Washington could raise on appeal.[9] Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.[10]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2017

---

[7] Trial Court Opinion, 4/10/2017, at 35.

[8] We review a sentence imposed following the revocation of probation for an abuse of discretion. **Cartrette, supra**, 83 A.3d at 1041.

[9] When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed after probation revocation, and the discretionary aspects of sentencing. **Cartrette, id.** at 1035–1037.

[10] In the event of further proceedings, the parties are directed to attach a copy of the trial court's April 6, 2017 opinion to this memorandum.